**Electronically Filed
Intermediate Court of Appeals
30123
31-JAN-2013
08:33 AM**

NO. 30123

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


AVELO MORTGAGE, LLC, Plaintiff-Appellee, v.
JULIET SEGUNDO, Defendant-Appellant,
and
JOHN and MARY DOES 1-20, Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 08-1-0424(2))


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Leonard and Reifurth, JJ.)

Defendant-Appellant Juliet Segundo ("Segundo") appeals
from the Judgment entered on June 25, 2009[1] in the Circuit Court
of the Second Circuit ("Circuit Court").[2] The June 25, 2009
Judgment reflected the entry of summary judgment and issuance of
a writ of ejectment ("Writ of Ejectment") in favor of Plaintiff-

_____

[1] Segundo designated the wrong order in her October 19, 2009 notice of appeal where she sought review of the Order Denying Defendant Juliet Segundo's Motion for Stay and/or to Set Aside Order and Judgment Granting Plaintiff's Motion for Summary Judgment, and for Writ of Ejectment Against Juliet Segundo Filed July 1, 2009, filed October 5, 2009 ("October 5, 2009 Order"). Nevertheless, Segundo filed her notice of appeal within thirty days after the September 29, 2009 deemed denial of Defendant's Motion for Stay and/or to Set Aside Order and Judgment Granting Plaintiff's Motion for Summary Judgment, and for Writ of Ejectment Against Juliet Segundo Filed April 17, 2009, Filed June 25, 2009, filed July 1, 2009, as required by Hawai'i Rules of Appellate Procedure Rule 4(a)(3). Furthermore, Hawai'i appellate courts have generally held that "a mistake in designating the judgment . . . should not result in [the] loss of the appeal as long as the intention to appeal from a specific judgment can be fairly inferred from the notice and the appellee is not misled by the mistake." *State v. Graybeard*, 93 Hawai'i 513, 516, 6 P.3d 385, 388 (App. 2000) (internal quotation marks omitted) (quoting *City & Cnty. of Midkiff*, 57 Haw. 273, 275-76, 554 P.2d 233, 235 (1976)). Therefore, Segundo's October 19, 2009 notice of appeal effectively asserts an appeal from the June 25, 2009 Judgment.

[2] The Honorable Shackley F. Raffetto presided.

Appellee Avelo Mortgage, LLC ("Avelo") and against Segundo.

On appeal, Segundo asserts three points of error.[3] Specifically, Segundo contends that the Circuit Court (1) did not have jurisdiction to hear ejectment matters; (2) erred by not dismissing Avelo's action for Avelo's failure to produce a "ratification"; and (3) erred by denying Segundo's prayers for the production of the "ratification" without issuing a written decision.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Segundo's points of error as follows:

(1) The Circuit Court had jurisdiction over the case. Avelo was the holder of the promissory note and was assigned the mortgage on the property. Segundo failed to present a dispute of material fact as to whether Avelo acquired title to the property pursuant to a non-judicial foreclosure.[4] Avelo's Quitclaim Deed, recorded on June 9, 2008 with the Office of the Bureau of Conveyances of the State of Hawai'i, specifies Avelo as owner of the property.

Insofar as Avelo is the record owner of the property as evidenced by the aforementioned quitclaim deed, Avelo was entitled to a writ of ejectment. *Carter v. Kaikainahaole*, 14 Haw. 515, 516 (Haw. Terr. 1902) (explaining that "a complainant

---

[3]     Segundo presents four points of error in her opening brief, but the fourth is not addressed in the argument section of the brief. We therefore deem it waived. Haw. R. App. P. 28(b)(7).

[4]     Segundo failed to provide a transcript of the hearing on the motion for summary judgment held on June 3, 3009.

who has the title to and right of possession of certain land and from whom possession is unlawfully withheld by another" is entitled to "the ordinary remedy at law of an action of ejectment"). "The Circuit Court has jurisdiction over civil actions and proceedings. Hawaii Revised Statutes (HRS) § 603-21.5. A complaint for ejectment is a civil action or proceeding within the meaning of HRS § 603-21.5." *RMS Residential Properties, LLC v. Valdez*, No. 30563, 2011 WL 5903824, *1 (Haw. Ct. App. Nov. 22, 2011). Therefore, the Circuit Court had jurisdiction to enter the Writ of Ejectment.[5]

(2) The Circuit Court did not "inappropriately process" Avelo's claim. Segundo appears to claim that Avelo was required to produce a ratification of commencement pursuant to Hawaiʻi Rules of Civil Procedure Rule 17(a). If an action is prosecuted in the name of the real party in interest, however, no ratification of commencement is required. *See* Haw. R. Civ. P. 17(a). As the holder of the promissory note and assignee of the mortgage, Avelo was the real party in interest. *See* 6A Charles Alan Wright et al., *Federal Practice & Procedure* § 1543 (3d ed.) (an action "must be brought by the person who, according to the governing substantive law, is entitled to enforce the right."). Thus, Segundo has not shown error.

(3) Segundo claims that the Circuit Court violated her due process rights by failing to adhere to Circuit Court Rule 24. The rule, however, concerns only notification of the issuance of findings of fact and conclusions of law; Hawaiʻi Rules of Civil

---

[5] There are limited circumstances, not present here, in which the district courts have exclusive jurisdiction of ejectment cases. *See* HAW. REV. STAT. §§ 603-21.5 and 604-5 (Supp. 2011).

3

Procedure Rule 52 otherwise controls the issuance of findings of fact and conclusions of law. See Cir. Ct. R. 24; Haw. R. Civ. P. 52. Accordingly, the Circuit Court did not err. Haw. R. Civ. P. 52(a) ("Findings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 or any other motion except as provided in subdivisions (b) and (c) of this rule."); *Hawaii Cmty. Fed. Credit Union v. Keka*, 94 Hawai‘i 213, 216 n.3, 11 P.3d 1, 4 n.3 (2000).

Therefore, the June 25, 2009 Judgment of the Circuit Court of the Second Circuit is affirmed.

DATED: Honolulu, Hawai‘i, January 31, 2013.

On the briefs:

Juliet Segundo,
Pro Se Defendant-Appellant.

Lester K.M. Leu and
Karyn A. Doi
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge